his analysis. While we agree that the failure to establish the identity of a known standard may render such evidence incompetent *(see, e.g., People v Branton,* 67 AD2d 664; *People v Miller,* 57 AD2d 668), reversal is not required under the facts presented in this case. The police chemist's opinion was based on a series of tests, only some of which involved comparative analysis using the known standard. From those tests which did not use a known standard, he observed that the substance's reaction to reagents and its crystalline structure under microscopic analysis were that of cocaine. It should also be noted that the chemist had performed between 5,000 to 10,000 cocaine analyses and was fully familiar with the drug's unique characteristics. Further, defendant admitted to the police that the substance seized was cocaine. Under these circumstances, the chemist's opinion that the substance seized was cocaine was properly admitted into evidence *(see, People v Gonzalez,* 127 AD2d 787; *People v Wicks,* 122 AD2d 239, *lv denied* 68 NY2d 1005).

Defendant further contends that he was deprived of a fair trial by the prosecutor's failure to provide him with the chemist's notes pursuant to his discovery request. We disagree. The People provided defense counsel with the chemist's laboratory report and laboratory submission form prior to trial, but only discovered during cross-examination that the chemist kept personal notes of his analysis. These notes should have been provided to defense counsel prior to the People's opening statement (CPL 240.45 [1] [a]; *People v Gilligan,* 39 NY2d 769; *People v Rosario,* 9 NY2d 286, *rearg denied* 9 NY2d 908, *cert denied* 368 US 866, *rearg denied* 14 NY2d 876, *rearg denied* 15 NY2d 765; *People v Strong,* 60 AD2d 792). However, as defense counsel obtained these notes for use in cross-examination and no prejudice is seen from this delay, defendant was not deprived of a fair trial *(see, People v Kegelman,* 73 AD2d 977).

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Niagara County Court, DiFlorio, J.—criminal possession of controlled substance, third degree.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ PETER HEIMANN et al., Respondents, v DONALD J. HOLLY et al., Defendants, and ROBERT DRAYN, Doing Business as DRAYN EXCAVATING COMPANY, Appellant. (Appeal No. 1.)— Order unanimously affirmed with costs for reasons stated at Special Term, Boehm, J. (Appeal from order of Supreme

Court, Ontario County, Boehm, J.—strike affirmative defense.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ PETER HEIMANN et al., Respondents, v DONALD J. HOLLY et al., Defendants, and ROBERT DRAYN, Doing Business as DRAYN EXCAVATING COMPANY, Appellant. (Appeal No. 2.)— Order unanimously affirmed without costs for reasons stated at Special Term, Boehm, J. (Appeal from order of Supreme Court, Ontario County, Boehm, J.—service of process; strike affirmative defense.) Present—Callahan, J. P., Denman, Boomer, Pine and Lawton, JJ.

■ BENDERSON DEVELOPMENT COMPANY, INC., Respondent, v LITTON BUSINESS SYSTEMS, INC., Appellant.—Order unanimously modified, on the law, and as modified, affirmed, with costs to defendant, in accordance with the following memorandum: CPLR 205 (a) provides in part: "If an action is timely commenced and is terminated in any other manner than by * * * a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same [cause of action] within six months". Here, the court erred in holding that the action was timely commenced. The prior action was deemed abandoned and was automatically dismissed for "neglect to prosecute" pursuant to CPLR 3404 when plaintiff failed to move to restore it to the calendar within one year after it had been marked off. After the one-year period, Supreme Court granted plaintiff's motion to vacate his default and to restore the case to the calendar "on the condition that" plaintiff's attorney pay $200 to defendant within 15 days. Thereafter, plaintiff's attorney mailed a $200 check to defendant's attorney and filed a new note of issue. The bank refused to honor the check, however, because of insufficient funds, and defendant moved to strike the note of issue. Supreme Court granted the motion and directed that the complaint be dismissed. This action was brought within six months after we affirmed that order. Nevertheless, the action is untimely; the tolling provision of CPLR 205 does not apply because the prior action was dismissed for "neglect to prosecute" when it was not restored to the calendar within one year *(see, Pomerantz v Cave,* 10 AD2d 569, *lv denied* 8 NY2d 707; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.09, at 34-93). The order vacating plaintiff's default and restoring the case to the calendar was conditional, and since the condition was not fulfilled, the default was not excused and the dismissal for "neglect to